

SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>FOPCO, Inc.,<br><br>       Debtor | Bk. No. 18-01084<br>(Chapter 7)<br><br>Final Hearing<br>Date:   May 16, 2022<br>Time:   9:30 a.m.<br>Judge:  Hon. Robert J. Faris<br><br>[Related to dkt. ## 343, 346, 347, 354, 357, 359] |

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER DENYING TRUSTEE'S MOTION TO APPROVE SETTLEMENT AGREEMENT WITH DEFENDANTS MCELRATH, 2149 LAUWILIWILI LLC AND CD INVESTMENT LIMITED PARTNERSHIP AND AUTHORIZING SALE OF ESTATE'S AVOIDANCE CLAIMS TO NAN, INC.; EXHIBIT "A"**

The *Motion to Approve Settlement Agreement with Defendants McElrath, 2149 Lauwiliwili LLC and CD Investment Limited Partnership* (the "Settlement Motion"), filed on March 28, 2022, by Richard A. Yanagi (the "Trustee") of FOPCO, Inc. (the "Debtor"), came on for a continued hearing on May 16, 2022 before the Court. Susan Tius, as general counsel, Chuck C. Choi and Allison A.

84816

Ito, as special litigation counsel, appeared on behalf of the Trustee. Jordan S. Blask, Sloane B. O'Donnell and Jonathan C. Bolton appeared on behalf of Dennis McElrath, 2149 Lauwiliwili, LLC and CD Investments Limited Partnership (collectively the "McElrath Defendants"). James N. Duca and Richard E. Wilson appeared on behalf of Nan, Inc. ("Nan").

The Court has considered the entire record in the Debtor's case and in the Adversary Proceeding (as defined below), including without limitation the pleadings filed and evidence submitted in support of and in opposition to the Settlement Motion, the arguments and representations of counsel. The findings and conclusions set forth herein, together with the record of the hearings on the Settlement Motion, constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding by Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such. The orders entered herein constitute the Bankruptcy Court's judgment pursuant to Bankruptcy Rule 7054, made applicable to this proceeding by Bankruptcy Rule 9014.

Based on the record in the Debtor's case and the pending Adversary Case,

U.S. Bankruptcy Court - Hawaii   #18-01084   Dkt # 379   Filed 07/01/22   Page 2 of 13

including but not limited to, Nan's Opposition to the Settlement Motion, the Trustee's Reply thereto, Nan's supplemental filings, the McElrath Defendants' Memorandum and the Trustee's Statement, the Court having considered the record and files in this case, and the arguments of counsel, and after being fully apprised of the circumstances of the case, and good cause appearing therefor, and for the reasons stated on the record by the Court and incorporated herein pursuant to Bankruptcy Rule 7052:

## FINDINGS OF FACT

1. On September 23, 2018, the Debtor commenced a voluntary case under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Hawaii (the "Court"). The Trustee is the duly appointed and qualified chapter 7 trustee for the Debtor.

2. On January 2, 2019, 2149 Lauwiliwili, LLC filed proof of claim #8 (the "Lauwiliwili POC") asserting a general unsecured claim in the amount of $27,000.00 for "Claim re Stipulated Order for Rejection of Lease."

3. On January 2, 2019, Dennis McElrath filed proof of claim # 9 (the "McElrath POC") asserting a general unsecured claim in an amount to be determined for "Guaranty of surety/performance construction bond."

4. On January 4, 2019, Nan filed proof of claim # 10 (as amended, the

"Nan Claim") asserting a general unsecured claim in the amount of $3,525,655.50 for "Subcontractor Billings and Teaming Agreement Profit-Share."

5. On July 10, 2020, the Trustee filed his Complaint against the McElrath Defendants herein entitled *[Trustee] vs. Dennis McElrath, et al.*, Adversary Proceeding No. 20-90014 (the "Adversary Proceeding"), seeking to avoid transfers by the Debtor to the McElrath Defendants.

6. On August 13, 2020, Dennis McElrath ("McElrath") objected to the Nan Claim, and on January 18, 2022, the Court entered its *Findings of Fact and Conclusions of Law*, allowing a general unsecured claim of $3,142,795.85, in favor of Nan (the "Nan Claim Order").

7. On January 31, 2022, McElrath filed a *Notice of Appeal and Statement of Election*, appealing the Nan Claim Order to the United States District Court for the District of Hawaii, which proceeding is entitled *McElrath v. Nan, Inc.*, 1:22-cv-00047-LEK-WRP (the "Appeal").

8. On March 28, 2022, the Trustee filed the Settlement Motion seeking Court approval of a proposed Settlement Agreement (the "Proposed Settlement") between the Trustee and the McElrath Defendants, whereby in exchange for (a) dismissal of the Appeal; (b) payment of $1,000,000.00 by the McElrath Defendants; and (c) the withdrawal of the McElrath POC and the Lauwiliwili POC,

the Trustee agreed to settle his claims (the "Claims") against the McElrath Defendants in the Adversary Proceeding.

9. The Proposed Settlement was subject to approval by the Court.

10. Notice of the Settlement Motion was given to all creditors and parties in interest.

11. On April 10, 2022, Nan filed an Opposition to the Settlement Motion, arguing, among other things, that the Trustee has failed to carry his burden of establishing that the Proposed Settlement is fair and reasonable.

12. On April 17, 2022, the Trustee filed his Reply to the Nan Opposition, in which the Trustee noted, among other things, that depositions (yet to be taken in the Adversary Proceeding) would be costly, and that trial would likely be a battle of opposing experts.

13. The Settlement Motion came on for hearing on to 9:30 a.m. on May 9, 2022. Counsel for the Trustee, McElrath Defendants and Nan appeared. The Court continued the hearing on the Settlement Motion to allow Nan to submit a proposal to acquire the estate's Claims against the McElrath Defendants.

14. At approximately 8:07 a.m., May 9, 2022, Nan filed a *Supplemental Memorandum Re: [Settlement Motion]*, with a letter proposal (the "May 9th Offer") to acquire the Claims for $1,100,000, plus 5% of any net recovery (after fees and

U.S. Bankruptcy Court - Hawaii    #18-01084    Dkt # 379    Filed 07/01/22    Page 5 of 13

expenses) on account of the Claims, but conditioned upon the Trustee's prompt interim distribution of $1,045,000 of the $1,000,000 to creditors.

15. The Court convened the May 9, 2022 hearing on the Settlement Motion but continued it to May 16, 2022. The Court also instructed the Trustee and McElrath Defendants to file any responses to Nan's written offer by close of business on May 13, 2022.

16. On May 12, 2022, Nan amended the May 9th Offer pursuant to a *Supplemental Declaration of Richard Wilson Re: [Settlement Motion]*. Nan offered to acquire the Claims for $1,250,000, plus 5% of any net recovery on account of the Claims, but without the interim distribution condition (the "May 12th Offer").

17. On May 13, 2022, the Trustee filed *his Statement re Nan Inc.'s Amended Offer* in which the Trustee noted that Nan's May 12th Offer was superior to the Proposed Settlement between the Trustee and McElrath Defendants.

18. On May 13, 2022, the McElrath Defendants filed their *Memorandum in Support of [Settlement Motion]* and increased the settlement consideration from $1,000,000 to $1,250,000 to consummate the Proposed Settlement (the "May 13th Offer").

19. At the May 16, 2022 continued hearing, Nan presented an oral
6

proposal to purchase the Claims for $3.142 million on the same terms as the May 12th Offer (the "May 16th Offer"), and the McElrath Defendants withdrew all their offers to compromise the Claims.

20. The Court finds that Nan's May 16th Offer, in the form attached hereto as **Exhibit "A,"** constitutes the highest, best and only outstanding offer for the Claims.

## CONCLUSIONS OF LAW

21. Under "some circumstances, a settlement agreement transferring estate assets must be evaluated both as a compromise under Rule 9019 and a sale under § 363." Spark Factor Design v. Hjelmeset (In re Open Med. Inst.), __ B.R. __ (9th Cir. B.A.P. 2022) (quoting Goodwin v. Mickey Thompson Entertainment Group (In re Mickey Thompson Entertainment Group, Inc.), 292 B.R. 415 (9th Cir. B.A.P. 2003)).

22. ~~T~~ In the circumstances of this case, it is appropriate to apply § 363   RJF procedures to Proposed Settlement. The Trustee entertaining competing bids is procedurally proper and necessary to maximize the recovery to the estate.

23. This proceeding is properly treated as a proceeding to approve a settlement and ~~or~~ authorize the sale of property of the estate.   RJF

24. The sale of the Claims to Nan pursuant to the May 16th Offer is in the

7

best interests of creditors and will result in more benefit to the estate than the Proposed Settlement with the McElrath Defendants would have.

25. ~~"[D]isposition by way of a 'compromise' of a claim that is an asset of the estate is the equivalent of a sale of . . . intangible property . . . which transaction simultaneously implicates the 'sale' provision under section 363. . . ." In re Mickey Thompson Entertainment Group, Inc., 292 B.R. at 421 (9th Cir. B.A.P. 2003) (citations omitted).~~

26. Overall, and for reasons stated on the record, the factors set forth in In re A & C Props., 784 F.2d 1377 (9th Cir. 1986), favor acceptance of the proposal from Nan.

## ORDER

27. The Settlement Motion as ~~it~~ amended based on the Trustee's acceptance of ~~hereby denied based on~~ Nan's higher and better offer to purchase the Claims for $3,142,795.85, plus 5% of any net recovery, on the terms set forth in the Nan Offer which is attached hereto as **Exhibit "A**,**"** is granted.

28. ~~The Settlement Motion as it pertains to the Proposed Settlement is further denied as moot based on the McElrath Defendants' withdrawal of their offers at the May 19, 2022 hearing.~~

29. The Trustee is authorized and directed to take such other and further

8

acts as may be necessary or appropriate to effectuate the terms of Nan's May 16th Offer.

30. This Court shall retain jurisdiction over the parties for the purpose of enforcing the terms and provisions of this Order and Nan Offer including but not limited to: (a) interpreting, enforcing and implementing the terms and provisions of this Order, and of any agreement executed in connection therewith, and (b) resolving any disputes, controversies or claims arising out of or relating to the sale.

31. Nothing contained in this Order shall impair the Court's continued jurisdiction over the Adversary Proceeding.

**END OF ORDER**

APPROVED AS TO FORM:

_____
Jonathan C. Bolton
Jordan S. Blask (Pro Hac Vice)
Sloane B. O'Donnell (Pro Hac Vice)
Attorneys for DENNIS McELRATH, 2149
LAUWILIWILI LLC; and
CD INVESTMENTS LIMITED PARTNERSHIP

/s/ James N. Duca
James N. Duca
Richard E. Wilson
Attorneys for NAN, INC.

Submitted by:

CHOI & ITO
CHUCK C. CHOI
ALLISON A. ITO
700 Bishop Street, Suite 1107
Honolulu, Hawaii 96813
Telephone: (808) 533-1877
Fax: (808) 566-6900
Email: cchoi@hibklaw.com

Attorneys for Richard A. Yanagi, Chapter 7 Trustee

# EXHIBIT A

U.S. Bankruptcy Court - Hawaii   #18-01084   Dkt # 379   Filed  07/01/22   Page 11 of 13

# Nan Inc

License #ABC-19711
636 Laumaka Street
Honolulu, Hawaii 96819
Telephone: (808) 842-4929
Facsimile: (808) 841-8281

June 20, 2022

Mr. Chuck C. Choi, Esq.
Choi & Ito
700 Bishop Street, Suite 1107
Honolulu, Hawaii 96813

> **Re:** *In re FOPCO, Inc.*, Case No. 18-01084,
> United States Bankruptcy Court, District of Hawaii
> **Nan's Offer to Purchase**

Dear Mr. Choi,

The following memorializes Nan, Inc.'s Offer to Purchase made on the record at the May 16, 2022 Continued Motion to Approve Settlement:

I.  Offer to Purchase

Nan, Inc., (hereafter, "Nan") hereby offers to purchase a 95% interest all causes of action set forth in the adversary proceeding known as Adv. Pro. No. 20-90014 (hereafter, the Adversary), together with any and all claims arising from or related to the transactions described in the Adversary, on the terms and conditions described below, for the purchase price of $3,142,000.00, payable by check within 10 business days after the entry of a final and unstayed judgment and/or order approving said purchase ("Offer to Purchase"). As part of said purchase, Nan shall have the sole right, at its sole expense, to prosecute or settle the purchased causes of action on such terms as it sees fit, but any compromise or settlement of those claims shall be subject to the approval of the Bankruptcy Court under Bankruptcy Rule 9019. Nan shall not be required to obtain consent for the employment of counsel, experts, or other professionals.

II.  Conditions of Nan's Obligation.

The FOPCO Chapter 7 estate shall cooperate fully in the transition of the ownership of the Adversary, including making all litigation files, discovery, legal memoranda, and expert reports available to Nan. Nan shall bear the expense of duplicating any matters which need to be duplicated, but in all other respects the Estate shall be liable for the transition expenses. Communications with Defendants protected by Rule 408, FRE, will not be produced. The litigation is being pursued by Nan as the purchaser of the claims, but Nan is permitted to maintain and pursue the action in the name of the Trustee at its sole expense. Trustee's 5% interest in any recovery shall provide Trustee with an interest in the outcome of the litigation but Trustee shall not control the litigation. Trustee will continue to cooperate and provide support with regard to the litigation and the common interest privilege shall apply to the full extent allowed by law. Counsel hired by Nan to prosecute the action shall be Nan's counsel, but Trustee's communication with them shall be deemed privileged. Trustee's prior, current, and

future communications with his own counsel shall remain privileged but relevant communications may be shared under the common interest privilege in the discretion of the Trustee.

III.     Acceptance

The Motion was granted as to Nan's Offer to Purchase made at the May 15, 2022 Continued Hearing on Trustee's Motion to Approve Settlement Agreement. Nan shall make payment of the amount stated above by check within 10 business days after the entry of a final and unstayed judgment and/or order approving said purchase

IV.     Precatory Language

The consummation of this purchase will leave the Trustee holding approximately $3,642,000.00, which is well in excess of any conceivable needs of the bankruptcy estate of FOPCO for present or future administrative expenses. Accordingly, it is Nan's expectation (but not a requirement) that the Trustee will proceed with an interim distribution on allowed unsecured claims at a time and in an amount that the Trustee deems prudent.

Dated: June 20, 2022; Honolulu, Hawaii

**Nan, Inc.**

By: **NAN CHUL SHIN**, Owner

Sincerely,

Micah P. K. Aiu
In House Counsel